IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH GIVENS a/k/a "Kevin Ross" : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| DONALD T. VAUGHN, et al. : | NO. 02-3154 |

REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE            March   6  , 2003

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the State Regional Correctional Institution at Graterford, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

FACTS AND PROCEDURAL HISTORY:

On June 3, 1998, Givens pleaded guilty to robbery and simple assault. Pursuant to the plea, Givens was sentenced to 1-3 years' imprisonment for the robbery and a concurrent sentence of 1-2 years' for assault, ("the assault/robbery sentences"). The court also ordered that these sentences run concurrent to any sentence Givens was then serving.

Since Givens was on parole for an unrelated matter at the time of his plea, Givens was found to have violated his parole. As a result of this violation, Givens' parole was revoked and he was sentenced to a term of back time.

Givens failed to file a direct appeal of the assault/robbery sentences, but, on November 28, 1998, he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551. He claimed that his trial counsel and the district attorney coerced him into pleading guilty because they told him the assault/robbery sentences would run concurrently

with the back time he would have to serve.

After holding an evidentiary hearing, the Honorable Sandra L.V. Byrd dismissed the PCRA petition. Judge Byrd found, based on the testimony of Givens' plea counsel, that counsel had not advised his client that the assault/robbery sentence would run concurrently to the back time. Additionally, she found that the statement that the sentences would run concurrently to any he was then serving did not apply to the back time because Givens had not yet been sentenced to the back time.

On July 3, 2001, Givens filed an appeal in the Superior Court, again claiming plea counsel was ineffective for coercing Givens to plead guilty by promising that the sentence imposed would run concurrently with the back time. On August 1, 2002, the Superior Court affirmed the PCRA Court's decision. <u>Commonwealth v. Ross</u>, 2116 EDA 2001.

On May 20, 2002, Givens filed this petition for habeas corpus, presenting the claim that counsel was ineffective for telling him the assault/robbery sentences would run concurrently with the 1 ½ -5 year sentence from which he had been paroled.

**DISCUSSION:**

Having presented this claim to the state courts, Givens has complied with the exhaustion requirement of § 2254.[1] However, review of the state court decisions reveals that Givens is not entitled to habeas relief.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), the

---

[1] On May 20, 2000, the Pennsylvania Supreme Court adopted Administrative Order 218, eliminating the requirement of an allocatur petition to satisfy exhaustion. Although the Third Circuit has held that Order 218 may not be applied retroactively, it has not barred its prospective application.

2

federal court may not grant a habeas petition unless the state court's decision is contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. In order to find counsel ineffective, we must find that counsel's performance was deficient and the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984).

Here, the state courts determined that plea counsel did not mislead Givens regarding his sentences.

> [Plea Counsel] testified that as a practitioner of 31 years as an Assistant Defender he would never advise a client that a front time state sentence could be served concurrently with a back time sentence.

(N.T. 6/5/01, 30-31).[2] In essence, this determination amounted to a credibility determination. Givens stated that he discussed the issue of his back time with plea counsel and believed the back time would be concurrent with the assault/robbery sentences. (N.T. 6/5/01, 6). Plea counsel testified that he never told Givens the assault/robbery sentences would run concurrently with back time.

Considering the conflicting statements, counsel's many years of experience, and the fact that Pennsylvania law prohibits the imposition of a new sentence to run concurrently to a sentence of back time, we do not believe the state court's credibility determination was an unreasonable determination of the facts.

We also find unavailing Givens' argument that the sentencing court's use of the terms "concurrent with anything that he now be serving" required that the backtime be served

---

[2]In fact, Pennsylvania law requires that a parole violator serve the sentence for the new crime and the unexpired balance of the parole sentence consecutively. 61 P.S. § 331.21a(a); Commonwealth v. Ortiz, 745 A.2d 662 (Pa. Super. 2002).

concurrently with the assault/robbery sentences. At the time of Givens' sentencing for the robbery/assault, his parole had not yet been revoked and he had yet to be sentenced to the back time.

> The petitioner's claim must fail because he was not on 6-3-98 serving a sentence of back time. On this record it is clear that the instant plea agreement instituted the violation and by definition a hearing was held thereafter and the sentence then imposed which ran from the effective date of the instant plea, in other words, at the time this plea on 6-3-98 was entered, he was not serving a sentence in having no finding of the violation.

(N.T. 6/5/01, 30). Again, we find that this was a reasonable determination of the facts. Until the plea was entered, there was no basis for the violation and no sentence of back time could have been imposed.

Since we find that counsel did not incorrectly advise his client regarding his sentences, his performance was not deficient and Givens cannot establish that counsel was ineffective or his plea involuntary.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this             day of                    , 2003, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RANDOLPH GIVENS, a/k/a "Kevin Ross" :     CIVIL ACTION
:
v.     :
:
DONALD T. VAUGHN, et al.     :     NO. 02-3154

# **O R D E R**

CLIFFORD SCOTT GREEN, S.J.,

       AND NOW, this      day of      , 2003, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

       1. The Report and Recommendation is APPROVED and ADOPTED.

       2. The petition for a writ of habeas corpus is DENIED.

       3. There is <u>no</u> basis for the issuance of a certificate of appealability.

                                     BY THE COURT:

_____
                                     CLIFFORD SCOTT GREEN, S.J.